UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| NICHOLAS MORALES, JR., | |
| Plaintiff, | |
| v. | Civil Action No. 3:17-cv-2578-BRM-LGH |
| UNITED STATES OF AMERICA, | **OPINION** |
| Defendant. | |

**MARTINOTTI, DISTRICT JUDGE**

Before this Court is Defendant United States of America's Motion to Dismiss for Lack of Jurisdiction or in the alternative Failure to State a Claim. (ECF No. 7.) Plaintiff Nicolas Morales, Jr. ("Morales") opposes the Motion (ECF No. 8.) Pursuant to Federal Rule of Civil Procedure 78(b), the Court did not hear oral argument. For the reasons set forth below, United States of America's Motion is **GRANTED without prejudice**.

**I.    BACKGROUND**

For the purposes of the motion to dismiss, the Court accepts the factual allegations in the Complaint as true and draws all inferences in the light most favorable to Plaintiff. *See Phillips v. Cty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). Further, the Court also considers any "document *integral to or explicitly relied upon* in the complaint." *In re Burlington Coat Factory Sec. Litig.,* 114 F.3d 1410, 1426 (3d Cir. 1997) (emphasis in original).

In an attempt to resolve his tax liability, Morales filed an IRS Form 656, Offer in Compromise ("OIC"), offering $100 to satisfy his liability. (Compl. (ECF No. 1) at 8 ¶ 2.) However, the IRS denied Morales's OIC because it determined he had the ability to pay his liability

in full and Morales submitted the offer solely to delay collection of his outstanding tax liability. (*Id.* at 8 ¶¶ 4-5, Exs. 3-4 at 10-11.) The IRS also determined Morales was not in compliance with his tax return filing and payment obligations, and therefore, was ineligible for an OIC. (ECF No. 1, Ex. 5 at 13-14.) On November 12, 2015, the IRS sent Morales a Notice of Determination explaining the denial of his OIC. (*Id.*)

On March 29, 2017, Morales filed this action asserting the IRS violated his due process rights in denying his OIC and in failing to return his OIC offer to him in violation of the IRS Manual 5.8.4.2. (ECF No. 1 at 8 ¶¶ 6, 10.) Morales requests "a million dollars in damages for loan application failure, poor credit, inability to get credit, inability to resolve issues with IRS, harsh action taken by IRS, and future loss of job." (*Id.* at 8 ¶ 12.) On July 28, 2017, the United States filed a Motion to Dismiss for lack of subject matter jurisdiction and in the alternative for failure to state a claim. (ECF No. 7.) Morales opposes this Motion. (ECF No. 8.)

## II. LEGAL STANDARDS

### A. Federal Rule of Civil Procedure 12(b)(1)

Rule 12(b)(1) mandates the dismissal of a case for "lack of subject-matter jurisdiction." Fed. R. Civ. P. 12(b)(1). An assertion of Eleventh Amendment immunity is a challenge to a district court's subject-matter jurisdiction. *See Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 693 n.2 (3d Cir. 1996) ("[T]he Eleventh Amendment is a jurisdictional bar which deprives federal courts of subject matter jurisdiction.") (citing *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 98-100 (1984)). Typically, when jurisdiction is challenged pursuant to Rule 12(b)(1), the plaintiff bears the burden of persuading the court that subject-matter jurisdiction exists. *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991). However, because "Eleventh Amendment immunity can be expressly waived by a party, or forfeited through non-assertion, it

does not implicate federal subject matter jurisdiction in the ordinary sense," and therefore, a party asserting Eleventh Amendment immunity bears the burden of proving its applicability. *Christy v. Pa. Turnpike Comm.*, 54 F.3d 1140, 1144 (3d Cir. 1994); *see also Carter v. City of Phila.*, 181 F.3d 339, 347 (3d Cir. 1999).

When evaluating a Rule 12(b)(1) motion to dismiss, a court must first determine whether the motion attacks the complaint as deficient on its face, or whether the motion attacks the existence of subject-matter jurisdiction in fact, apart from any pleadings. *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). If the motion consists of a facial attack, the court "must accept the complaint's allegations as true," *Turicentro v. Am. Airlines*, 303 F.3d 293, 300 n.4 (3d Cir. 2002), and "must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff," *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000) (citing *Mortensen*, 549 F.2d. at 891). However, if the motion involves a factual attack, "the court may consider evidence outside the pleadings." *Gould*, 220 F.3d at 176 (citing *Gotha v. United States*, 115 F.3d 176, 178-79 (3d Cir. 1997)). Here, the Motion to Dismiss for lack of jurisdiction is a facial attack, because the United States asserts it is immune from Morales's claims as pled. Therefore, on this question of immunity, the Court's review is limited to the allegations in the Complaint, which the Court must accept as true and view in the light most favorable to Morales.

**B. Federal Rule of Civil Procedure 12(b)(6)**

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [plaintiff]." *Phillips*, 515 F.3d at 228. "[A] complaint attacked by a . . . motion to dismiss does not need detailed factual allegations."

3

*Bell Atl. v. Twombly*, 550 U.S. 544, 555 (2007). However, the Plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan*, 478 U.S. at 286. Instead, assuming the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged." *Id.* This "plausibility standard" requires the complaint allege "more than a sheer possibility that a defendant has acted unlawfully," but it "is not akin to a 'probability requirement.'" *Id.* (quoting *Twombly*, 550 U.S. at 556). "Detailed factual allegations" are not required, but "more than an unadorned, the defendant-harmed-me accusation" must be pled; it must include "factual enhancements" and not just conclusory statements or a recitation of the elements of a cause of action. *Id.* (citing *Twombly*, 550 U.S. at 555, 557).

"Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

While as a general rule, a court many not consider anything beyond the four corners of the complaint on a motion to dismiss pursuant to 12(b)(6), the Third Circuit has held "a court may consider certain narrowly defined types of material without converting the motion to dismiss [to one for summary judgment pursuant under Rule 56]." *In re Rockefeller Ctr. Props. Sec. Litig.,* 184 F.3d 280, 287 (3d Cir.1999). Specifically, courts may consider any "'document *integral to or explicitly relied upon* in the complaint." *In re Burlington Coat Factory Sec. Litig.,* 114 F.3d at 1426 (emphasis in original).

### III. DECISION

The United States argues the Court lacks subject matter jurisdiction over Morales's claim because it is immune from suit. (*See* ECF No. 7-1.) It also contends Morales has failed to state a claim under 26 U.S.C. § 7433 and has not exhausted all administrative remedies prior to filing this suit. (*Id*. at 4-6.) Morales argues the IRS waived immunity under 26 U.S.C. § 7433. (ECF No. 8 at 1-2.) However, he does not address the United States' Motion to Dismiss for failure to state a claim, but instead reiterates the allegations in his Complaint. (*See id.*)

The United States, as a sovereign, is immune from suit unless it has consented to be sued. *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). Because sovereign immunity is jurisdictional in nature, a court does not have jurisdiction over matters brought against the United States unless immunity has been waived. *Id.* Only Congress can waive this immunity, and such waiver must be explicit. *Dep't of the Army v. Blue Fox, Inc.*, 525 U.S. 255, 261 (1999). Consent to suit "must be unequivocally expressed" in statutory text, and cannot be implied. *White–Squire v. U.S. Postal Serv.*, 592 F.3d 453, 456 (3d Cir. 2010).

The United States has waived its sovereign immunity under 26 U.S.C. § 7433(a), but its waiver is limited to actions seeking damages in connection with any collection of tax that involves

5

the reckless, intentional, or negligent disregard of any provision or regulation under the Internal Revenue Code:

> If, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence, disregards any provision of this title, or any regulation promulgated under this title, such taxpayer may bring a civil action for damages against the United States in a district court of the United States. Except as provided in section 7432, such civil action shall be the exclusive remedy for recovering damages resulting from such actions.

This waiver is explicitly limited to damages against the United States for injuries caused by the wrongful collection of federal taxes. *Bullock v. I.R.S.*, 602 F. App'x 58, 60 (3d Cir. 2015) (stating "pursuant to 26 U.S.C. § 7433, a taxpayer may sue the United States to challenge the 'collection of Federal tax'"). This limited waiver must be read narrowly and is subject to further limitations. *Id.* at 60-61; *Slutter v. United States*, No. 11-1161, 2012 WL 5960837, at *4 (E.D. Pa. Nov. 29, 2012).

A plaintiff seeking relief under § 7433(a) cannot receive a judgment for damages unless the plaintiff has exhausted all administrative remedies. 26 U.S.C. § 7433(d)(1). Title 26 of the Code of Federal Regulations § 301.7433–1(d) bars a taxpayer from filing a civil action in federal district court until a decision is rendered on a properly filed administrative claim, or until six months after the filing of such a claim. However, if an administrative claim is filed during the last six months of the two-year statute of limitation period, a plaintiff may file an action in district court any time after the administrative claim is filed and before the expiration of the statute of limitation. 26 C.F.R. § 301.7433–1(d)(2).

Title 26 of the Code of Federal Regulations § 301.7433–1(e) sets out the procedures for pursuing an administrative claim, including sending the claim to the "Area Director, Attn: Compliance Technical Support Manager" of the area in which the taxpayer currently resides; the

name, current address, current home and work telephone numbers and any convenient times to be contacted, and taxpayer identification number of the taxpayer making the claim; the grounds for the claim; a description of the injuries incurred by the taxpayer filing the claim; the dollar amount of the claim; and the taxpayer's signature. If the plaintiff fails to meet this condition, the court lacks jurisdiction over his or her claims. *See also Venen v. United States*, 38 F.3d 100, 103 (3d Cir. 1994) (discussing exhaustion requirement for actions under § 7433 (citing 26 U.S.C. § 7433(d))).

Here, as to the exhaustion of his administrative remedies for a claim under § 7433, Morales, in opposition, merely reiterates 26 C.F.R. § 301.7433–1(e) and states:

> [t]his taxpayer is stating that to the best of his understanding his filing is best described by [the statutes]. That he is fast approaching the limitation stated in section (g) Period of filing limitation and that he has filed a proper form with the IRS as described 26 C.F.R. § 301.7433–1(e) 1, 2 Procedure for an administrative claim.

Morales seems to allege he is within the last six months of the statute of limitations running on his claim. However, this conclusory statement without facts to support it is insufficient to establish he exhausted his administrative remedies. Morales fails to articulate when he filed his administrative claim and that he waited the appropriate time before filing this action.

Moreover, he fails to provide any specifics or evidence that he complied with the strict requirements set forth in 26 C.F.R. § 301.7433–1(e). Morales fails to indicate whether he provided: (1) the claim to the "Area Director, Attn: Compliance Technical Support Manager" of the area in which he currently resides; (2) his name, current address, current home and work telephone numbers and any convenient times to be contacted, and his taxpayer identification number; (3) the grounds for the claim; (4) a description of the injuries incurred; (5) the dollar amount of his claim; and (6) his signature. *Lockard v. U.S., Dep't of Treasury, I.R.S.*, No. 07-12803-BC, 2008 WL 324230, at *5 (E.D. Mich. Feb. 5, 2008) (finding the plaintiffs failed to exhaust their administrative

remedies because they did not demonstrate they fulfilled the requirements of 26 C.F.R. § 301.7433–1(e)). Moreover, Morales does not allege the IRS reached a decision on his purported administrative claim before he filed in federal district court, as alternatively required by 26 C.F.R. § 300.7433–1(d)(i). *Id.* Accordingly, the United States' Motion to Dismiss for lack of subject matter jurisdiction is **GRANTED**.[1]

## IV. CONCLUSION

For the reasons set forth above, the United States Motion to Dismiss is **GRANTED without prejudice**. Morales has thirty days from the accompanying Order to file an Amended Complaint.

Date: March 26, 2018  */s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**

---

[1] Because the Court lacks subject matter jurisdiction, the United States' alternative argument to dismiss for failure to state a claim is **MOOT**.