NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| NICHOLAS MORALES, JR., | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 3:17-cv-2578-BRM-LHG |
| | : | |
| UNITED STATES OF AMERICA, | : | **OPINION** |
| | : | |
| Defendant. | : | |

**MARTINOTTI, DISTRICT JUDGE**

Before this Court is Defendant United States of America's ("United States") second Motion to Dismiss Plaintiff Nicolas Morales, Jr.'s ("Morales") Amended Complaint (ECF No. 12) for failure to state a claim (ECF No. 13).[1] Morales opposes the Motion. (ECF No. 14.) Having reviewed the parties' submissions filed in connection with the Motion and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b), for the reasons set forth below, and for good cause shown, the Motion to Dismiss is **GRANTED**.

**I.    BACKGROUND**[2]

For the purposes of the Motion to Dismiss, the Court accepts the factual allegations in the Complaint as true and draws all inferences in the light most favorable to Morales. *See Phillips v.*

---

[1] Morales's Amended Complaint (ECF No. 12) addresses only the jurisdictional defects of the original Complaint that was noted in the Court's prior Opinion (ECF No. 10). (*See* ECF No. 13 n.1.) The United States read the Amended Complaint together with the original Complaint in order to respond to Morales's Amended Complaint. (*See* ECF No. 13 n.1.) The Court does same.

[2] Because Morales's Second Amended Complaint merely addresses his original jurisdictional issues, the Court draws most of the facts from his original Complaint.

*Cty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). Further, the Court also considers any "document *integral to or explicitly relied upon* in the complaint." *In re Burlington Coat Factory Sec. Litig.,* 114 F.3d 1410, 1426 (3d Cir. 1997).

In an attempt to resolve his tax liability, Morales filed an IRS Form 656, Offer in Compromise ("OIC"), offering $100 to satisfy his liability. (Compl. (ECF No. 1) at 8 ¶ 2.) However, the IRS denied Morales's OIC because it determined he had the ability to pay his liability in full and Morales submitted the offer solely to delay collection of his outstanding tax liability. (*Id.* at 8 ¶¶ 4-5, Exs. 3-4 at 10-11.) The IRS also determined Morales was not in compliance with his tax return filing and payment obligations, and therefore, was ineligible for an OIC. (ECF No. 1, Ex. 5 at 13-14.) On November 12, 2015, the IRS sent Morales a Notice of Determination explaining the denial of his OIC. (*Id.*)

On March 22, 2017, Morales claims he mailed a letter to the IRS pursuant to Section 7433 of the Internal Revenue Code ("IRC") explaining his demands. (Am. Compl. (ECF No. 12) ¶ 1.) However, he allegedly never received a response from the IRS or United States regarding his demands. (*Id.* ¶ 3.)

On March 29, 2017, Morales filed this action asserting the IRS violated his due process rights in denying his OIC and in failing to return his OIC offer to him in violation of the IRS Manual 5.8.4.2. (ECF No. 1 at 8 ¶¶ 6, 10.) Morales requests "a million dollars in damages for loan application failure, poor credit, inability to get credit, inability to resolve issues with IRS, harsh action taken by IRS, and future loss of job." (*Id.* at 8 ¶ 12.) On July 28, 2017, the United States filed a Motion to Dismiss for lack of subject matter jurisdiction and in the alternative for failure to state a claim. (ECF No. 7.) On March 26, 2018, the Court granted the Motion to Dismiss for lack of subject matter jurisdiction because he failed to adequately plead he exhausted all administrative

remedies. (ECF No. 10.) On April 23, 2018, he filed an Amended Complaint attempting to cure such deficiencies. (ECF No. 12; *see* ECF No. 13 (admitting Morales's Amended Complaint addresses the jurisdictional defects).) On May 4, 2018, the United States filed a second Motion to Dismiss for failure to state a claim. (ECF No. 13.) Morales opposes the Motion.[3] (ECF No. 14.) The United States filed a reply to the opposition on May 15, 2018. (ECF No. 15.) Without prior leave of this Court, Morales filed a sur-reply on May 29, 2018. (ECF No. 16.) While the Court need not consider Morales's sur-reply because he did not seek leave from the Court as is required to do pursuant to Local Civil Rule 7.1(d)(6), the Court considered it nonetheless.

## II.   LEGAL STANDARD

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [plaintiff]." *Phillips*, 515 F.3d at 228. "[A] complaint attacked by a . . . motion to dismiss does not need detailed factual allegations." *Bell Atl. v. Twombly*, 550 U.S. 544, 555 (2007). However, the Plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan*, 478 U.S. at 286. Instead, assuming the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

---

[3] Morales's opposition is mistakenly titled "Amended Complaint." (ECF No. 14.) However, it is clear it is not an Amended Complaint but instead a "[r]esponse to the government's 'Notice of United States' Motion to Dismiss' Dated May 4, 2018." (ECF No. 14 at 2.)

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged." *Id.* This "plausibility standard" requires the complaint allege "more than a sheer possibility that a defendant has acted unlawfully," but it "is not akin to a 'probability requirement.'" *Id.* (quoting *Twombly*, 550 U.S. at 556). "Detailed factual allegations" are not required, but "more than an unadorned, the defendant-harmed-me accusation" must be pled; it must include "factual enhancements" and not just conclusory statements or a recitation of the elements of a cause of action. *Id.* (citing *Twombly*, 550 U.S. at 555, 557).

"Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

While as a general rule, a court many not consider anything beyond the four corners of the complaint on a motion to dismiss pursuant to 12(b)(6), the Third Circuit has held "a court may consider certain narrowly defined types of material without converting the motion to dismiss [to one for summary judgment pursuant under Rule 56]." *In re Rockefeller Ctr. Props. Sec. Litig.,* 184 F.3d 280, 287 (3d Cir.1999). Specifically, courts may consider any "'document *integral to or explicitly relied upon* in the complaint." *In re Burlington Coat Factory Sec. Litig.,* 114 F.3d at 1426.

**III.    DECISION**

The United States argues Morales has failed to state a claim under 26 U.S.C. § 7433 because § 7433 only provides relief for injuries sustained as a result of the wrongful collection of federal taxes, not the handling of the denial of Morales's OIC, since the handling of OICs do not constitute a collection activity. (ECF No. 13 at 2.) Morales disagrees with the United States contention and argues that the IRS's actions after denying his OIC constituted wrongful collection of his taxes pursuant to § 7433. (ECF No. 14 at 2 and ECF No. 16 at 2.)

The United States, as a sovereign, is immune from suit unless it has consented to be sued. *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). The United States has waived its sovereign immunity under 26 U.S.C. § 7433(a), but its waiver is limited to actions seeking damages in connection with any collection of tax that involves the reckless, intentional, or negligent disregard of any provision or regulation under the Internal Revenue Code:

> If, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence, disregards any provision of this title, or any regulation promulgated under this title, such taxpayer may bring a civil action for damages against the United States in a district court of the United States. Except as provided in section 7432, such civil action shall be the exclusive remedy for recovering damages resulting from such actions.

*Id.* This waiver is explicitly limited to damages against the United States for injuries caused by the wrongful collection of federal taxes. *Bullock v. I.R.S.*, 602 F. App'x 58, 60 (3d Cir. 2015) (stating "pursuant to 26 U.S.C. § 7433, a taxpayer may sue the United States to challenge the 'collection of Federal tax'"). This limited waiver must be read narrowly and is subject to further limitations. *Id.* at 60-61; *Slutter v. United States*, No. 11-1161, 2012 WL 5960837, at *4 (E.D. Pa. Nov. 29, 2012).

The denial of an OIC is not a collection activity and therefore, cannot be the basis for a § 7433 injury or claim. *United States v. Ullman*, No. 01-0272, 2002 WL 987998, at *6 (E.D. Pa. May 8, 2002), *aff'd*, 55 F. App'x 105 (3d Cir. 2003) (stating that "[t]o the extent that [the defendant] argues that the IRS' refusal to accept [his] offers in compromise is an unauthorized collection activity, [the plaintiff's] argument fails" because "[c]ompromising tax liabilities is a purely discretionary activity and will not give rise to a claim for intentional, reckless or negligent violation of the Internal Revenue Code"). Because Morales merely alleges that the IRS's actions, which stem from denying his OIC, constituted wrongful collection of his taxes, he has failed to state a claim upon which relief can be granted. Accordingly, the United States Motion to Dismiss is **GRANTED**.

## IV. CONCLUSION

For the reasons set forth above, the United States Motion to Dismiss is **GRANTED without prejudice**. Morales may file his last amended complaint by no later than January 14, 2018.

Date: January 2, 2019              */s/ Brian R. Martinotti*
                                                      **HON. BRIAN R. MARTINOTTI**
                                                      **UNITED STATES DISTRICT JUDGE**